```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


ZANE LEE TWOMEY,                  )
                                  )
              Petitioner,         )
                                  )
         v.                       )        No. 4:08 CV 1038 DDN
                                  )
DON ROPER,                        )
                                  )
              Respondent.         )
```

## MEMORANDUM

This action is before the court upon the petition of Missouri state prisoner Zane Lee Twomey for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner Twomey has also moved for default judgment (Doc. 7) and the appointment of counsel. (Doc. 8.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11.) For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## I. BACKGROUND

On June 25, 2007, petitioner pleaded guilty in the Circuit Court of Cape Girardeau County, Missouri, to two counts of statutory rape in the first degree and to two counts of statutory sodomy in the first degree. (Doc. 12, Ex. A at 2, Ex. D.) As a result of this plea, the State dismissed eleven other counts. (Id.) Thereafter, petitioner was sentenced by the circuit court to four 50-year terms of imprisonment, with each to run consecutively. (Id.)

On June 24, 2008, petitioner filed a motion for post-conviction relief on the following grounds: misrepresentation, judicial bias, "malicious prosecution," and improper sentencing in excess of the statutory guidelines. (Doc. 12, Ex. B at 1; Doc. 1 at 3.) On November 3, 2008, the circuit court dismissed petitioner's motion for post-conviction relief with prejudice because petitioner failed to file this motion within the time required by law. (Doc. 12, Ex. B at 2.)

On July 14, 2008, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1 at 1.)

## II. PETITIONER'S GROUNDS FOR HABEAS RELIEF

Petitioner claims three grounds for relief in this habeas action:

(1) Petitioner received ineffective assistance of counsel when counsel failed to adequately prepare the case, filed motions against the petitioner's wishes, refused to present counter-offers to the prosecutor, and was not present for a particular court date.

(2) Petitioner's sentencing was tainted by judicial bias because the judge was not impartial and because the court was "swayed" by the publicity surrounding the petitioner's case.

(3) Petitioner's sentencing exceeded Missouri's statutory guidelines and was "extreme and unjust" for the crime.

Respondent contends that petitioner's claims are procedurally defaulted because he failed to raise them in a timely manner in accordance with Missouri's procedural rules. (Doc. 12 at 3.) Moreover, respondent argues that Grounds 1 through 3 fail on their merits. (Id. at 4.)

## III. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for the claims they make in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Given the limitation periods for raising issues on direct appeal and in motions for post-conviction relief, no proper procedure for litigating his federal habeas claims remains available to petitioner.

However, exhaustion in the sense that petitioner has no remaining procedure for bringing a claim to the state court does not satisfy the statutory requirement. Rather, petitioner must have fairly presented the substance of each federal ground to the trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so because he has

defaulted on the legitimate requirements of the otherwise available procedures, his ground for federal habeas relief is barred from being considered by the federal courts. King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court); Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993).

Nevertheless, petitioner may avoid the procedural bar if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish sufficient cause for the procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with a state procedural requirement. Id. at 750-52.

To establish actual prejudice, the petitioner must demonstrate that the alleged errors "worked to his _actual_ and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal quotations omitted); see also Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995) (stating that the standard of prejudice to overcome procedural default "is higher than that required to establish ineffective assistance of counsel under Strickland.").

To demonstrate that the failure to review his grounds for relief would result in a fundamental miscarriage of justice, the petitioner may show that he was actually innocent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995). Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to permit a habeas court to reach the merits of a procedurally defaulted claim. Id. at 316.

### IV.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to clearly" established law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or ... decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000)(plurality opinion). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

The standard for habeas review articulated by AEDPA applies only to those claims which were adjudicated on the merits by a state court. See Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002) (stating that the AEDPA standard governs petitions for habeas corpus "which were adjudicated on the merits in state court proceedings."). Where a petitioner's claims were not adjudicated on the merits by a state court, the pre-AEDPA standard for habeas review governs. Id. ("Because this claim apparently was not adjudicated by the Minnesota court, we likely should apply the pre-AEDPA standard of review."). Under the pre-AEDPA standard, the habeas petitioner must show a "reasonable probability that the error complained of affected the outcome of the trial or that the verdict likely would have been different absent the now-challenged [defect]." Id. 278 F.3d at 866 (internal quotations omitted).

In this case, the circuit court dismissed petitioner's motion for post-conviction relief on procedural grounds arising from his failure to timely file the motion in accordance with Missouri Supreme Court Rule

-4-

24.035(b). Therefore, the Missouri state court did not adjudicate petitioner's claims on the merits, and, as stated in Robinson, the pre-AEDPA standard governs his federal petition for habeas review.

### V. DISCUSSION

As respondent notes, the petitioner has procedurally defaulted on all of his grounds for habeas review by failing to timely raise them in state court in accordance with Missouri law. See Mo. Sup. Ct. R. 24.035(b) ("Failure to file a motion within the [180 days] provided by this Rule 24.035 . . . shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."). Because of his failure to proceed properly under Rule 24.035(b), petitioner is barred from raising his claims in state court.

Where the petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal habeas review is barred unless the petitioner can establish cause for the default and actual prejudice or can show that a fundamental miscarriage of justice would result from a failure to review his claim. Coleman, 501 U.S. at 750. Here, the petitioner has not asserted any cause for default, nor has he demonstrated that the alleged errors resulted in actual prejudice, which "infect[ed] his entire trial with error of constitutional dimensions." Ivy, 173 F.3d at 1141. Likewise, petitioner has made no showing of actual innocence through new evidence, as required to establish a fundamental miscarriage of justice. See Schlup, 513 U.S. at 324.

Because he has failed to show either cause and actual prejudice or a fundamental miscarriage of justice, petitioner may not avoid the procedural bar to federal habeas review. Moreover, all of petitioner's grounds fail on their merits.

**GROUND 1**

In Ground 1, petitioner contends that counsel rendered ineffective assistance through "misrepresentation." (Doc. 1 at 5.) In particular, petitioner states that counsel failed to adequately prepare his case,

filed motions against his wishes, refused to present counter-offers to the prosecutor and court, and advised petitioner that he had "no say" regarding the manner in which his case was handled. (Id.)

The right to constitutionally effective assistance of counsel is rooted in the Sixth and Fourteenth Amendments. Strickland v. Washington, 466 U.S. 668 (1984). The Court in Strickland announced a two-part test to guide courts in determining whether a petitioner can raise a successful claim of ineffective assistance of counsel. Id. at 688. This two-part test likewise guides determinations of ineffective assistance of counsel in the context of the plea process. See Hill v. Lockart, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."). First, petitioner must show that counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness. Id. Second, to satisfy the prejudice requirement, petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59 (stating that the prejudice inquiry in guilty plea cases "will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial.").

Under Strickland, the petitioner must overcome a strong presumption that counsel rendered appropriate assistance. Marcrum v. Luebbers, 509 F.3d 489, 502 (8th Cir. 2007). To rebut this presumption of constitutionally effective assistance, petitioner must show that counsel's actions were the product of inattention or neglect, and not reasoned judgment. Id. Moreover, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (internal quotations omitted).

In this case, petitioner has not satisfied either prong of Strickland. Beyond the conclusory allegations set forth in his petition for habeas review, petitioner has made no showing that counsel rendered

deficient assistance. In fact, petitioner's own statements before the circuit court at his plea hearing altogether refute his ineffective assistance of counsel claim. (Doc. 12, Ex. D Guilty Plea Trans. at 18-19.) Therein, the court specifically inquired into the quality of representation afforded to the petitioner by his attorney:

> Q: Are you satisfied with the services of your attorney?
> A: Yes, sir.
> Q: Has [counsel] investigated the facts of this case to your satisfaction?
> A: Yes, sir.
> Q: Has [counsel] negotiated this plea to your satisfaction?
> A: Yes, sir.
> Q: Is there anything you've asked [counsel] to do that he has not done?
> A: No, sir.
> Q: If there's anything that you want to talk about, any complaint that you have about [counsel], I'll ask him to step outside the room and you can tell me if you want to do that. Do you want to do that?
> A: No sir.

(Id.) As reflected in his responses to the court's thorough line of questioning, petitioner unequivocally affirmed that counsel rendered satisfactory assistance in both investigating his case and negotiating his plea. All of the facts alleged in Ground 1 occurred before petitioner made these statements to the court.

Given these statements, petitioner's present claim that counsel rendered deficient assistance is without merit. Similarly, petitioner has made no claim that, but for counsel's alleged errors, he would not have chosen to plead guilty.

Therefore, petitioner has also failed to demonstrate prejudice under Strickland, and Ground 1 lacks merit.


**GROUND 2**

In Ground 2, petitioner asserts that his proceedings were infected with judicial bias in the following respects: the judge was not impartial and the court was swayed by publicity surrounding the case. (Doc. 1 at 7.) As respondent notes, because petitioner pleaded guilty, his claim

of judicial bias is presumably directed toward the sentencing imposed by the circuit court. (Doc. 12 at 7.)

"There is a presumption that a judge acts with honesty and integrity and will not preside over a trial in which he or she cannot be impartial." Worthington v. State, 166 S.W.3d 566, 579 (Mo. banc 2005). In assessing judicial bias, the relevant inquiry is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002) (en banc). Personal bias or prejudice warranting disqualification "is one that has an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from the judge's participation in a case. Worthington, 166 S.W.3d at 579.

Because a judge is presumed to be impartial, the party seeking disqualification "bears the substantial burden of proving otherwise." Bannister v. Delo, 100 F.3d 610, 614 (8th Cir. 1996) (internal quotations omitted). Bias can be shown "if a judge's remarks or opinions 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). However, judicial remarks "'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" Id. (quoting Liteky, 510 U.S. at 555). Similarly, "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" do not suffice to establish judicial bias. Id. (quoting Liteky, 510 U.S. at 555-56).

Here, petitioner's conclusory allegations of judicial bias fail to demonstrate that the judge acted with deep-seated antagonism or improperly relied upon an extrajudicial source in the course of sentencing. At the sentencing hearing, the judge asked the petitioner if the sentencing assessment report contained anything "that's not true and you think I need to know what the true facts are?" (Doc. 12, Ex. D at 25.) To this question, the petitioner replied, "No, sir." (Id.) In addition, the judge heard arguments from the victim's caretaker. (Id. at 26-27.) Thereafter, the judge heard arguments from both the

prosecutor and defense counsel, and offered the petitioner an opportunity to speak before sentencing. (Id. at 27-29.) Upon sentencing the petitioner, the judge offered an explanation that reflected his consideration of both "the facts that are detailed in the sentencing assessment report" and the methodology of the Department of Corrections for calculating the lengths of sentences. (Id. at 29-30.) At no time did the judge state that his "mind was made up when the case was first placed on [his] desk," as the petitioner alleges. (Doc. 1 at 7.)

Given the foregoing facts, petitioner has clearly failed the substantial burden required to prove judicial bias. Far from demonstrating deep-seated antagonism or favoritism, the judge afforded all parties, including the petitioner himself, an opportunity to speak at the sentencing hearing. Moreover, because petitioner's sentencing was premised upon a consideration of the factual circumstances detailed in the sentencing assessment report and on the numerical guidelines provided by the Department of Corrections, there is simply no reasonable basis upon which to question the judge's impartiality. Although the judge directed critical remarks to the petitioner, stating "it is my fervent hope . . . that you be determined to be a sexual predator and not be released at any time for the balance of your life," (Id. at 30), these remarks, as Bannister directs, are insufficient to establish bias without a showing of deep-seated antagonism or a showing of reliance upon an extrajudicial source. See Bannister, 100 F.3d at 614. Petitioner has failed to make such showings and, likewise, has failed to establish judicial bias.

Finally, petitioner's contention that the court was swayed by the publicity surrounding his case lacks merit. As respondent notes, petitioner "requested and received a change of venue from Perry County to Cape Girardeau County, thereby diminishing the likelihood that publicity had any impact on his sentence." (Doc. 12 at 10; Doc. 12, Ex. A at 1.) Moreover, the judge explained that petitioner's sentence was based upon a consideration of the sentencing assessment report and the Department of Corrections' guidelines, and not upon any publicity surrounding the case.

Accordingly, Ground 2 is without merit.

**GROUND 3**

Petitioner finally contends that the sentence imposed was "outside Guidelines set before Court" and "does not fit [the] crime." (Doc. 1 at 9.) Petitioner argues that a life sentence is limited to 30 years in Missouri, that no reason was provided for his consecutive sentences, and that his sentences were extreme and unjust. (Doc. 1 at 9.)

As respondent states, the "[c]laimed excessiveness of a sentence is not reviewable" on federal habeas review. Walsh v. White, 32 F.2d 240, 241 (8th Cir. 1929). Likewise, "[i]f the sentence is within that authorized by the statute," its length cannot be altered through habeas review. Id.; see also Jackson v. Taylor, 353 U.S. 569, 578 n.10 (1957) (where "the sentence was legally imposed, its severity is not reviewable on habeas corpus in the civil courts.").

Here, petitioner was convicted of two counts of statutory rape in the first degree and two counts of statutory sodomy in the first degree. (Doc. 1, Ex. A at 2.) By statute, each conviction was punishable by "life imprisonment or a term of years not less than five years. . . ." Mo. Rev. Stat. §§ 566.032.2, 566.062.2 (2000). Because petitioner was sentenced to 50 years for each conviction, and thus received a term of "not less than five years," petitioner's sentence comports with the statutory guidelines and is not entitled to habeas review. See, e.g., Thomas v. Dormire, 923 S.W.2d 533, 534-35 (finding a convicted rapist's sentence of 99 years to be a term of "not less than 5 years."). Likewise, the circuit court had discretion to sentence petitioner to consecutive terms of imprisonment. See Mo. Rev. Stat. § 558.026.1 (2000). Accordingly, petitioner's sentences are permissible under Missouri law and are not cognizable upon habeas review.

Petitioner also cannot successfully challenge the constitutionality of his sentence under the Eighth Amendment, which prohibits cruel and unusual punishment, including sentences that are disproportionate to the crime committed. See Ewing v. California, 538 U.S. 11, 22 (2003). In evaluating whether a sentence was so disproportionate as to violate the Eighth Amendment, the Supreme Court has looked to several factors: the gravity of the offense and harshness of the penalty, the sentences

imposed on other criminals in the relevant jurisdiction, and the sentences imposed for like crimes in other jurisdictions. Id. However, the Court has repeatedly affirmed that "successful challenges to the proportionality of particular sentences should be exceedingly rare." Id. (quoting Hutto v. Davis, 454 U.S. 370, 374 (1982) (per curiam)).

In Pinson v. Morris, 830 F.2d 896, 897 (8th Cir. 1987), the Eighth Circuit rejected a petitioner's argument that his consecutive life sentences for rape and sodomy violated the Eighth Amendment's prohibition against cruel and unusual punishment. Stating that his sentences were not "excessive in a constitutional sense," the court observed that the "state is well within its rights, so far as the federal Constitution is concerned, in regarding the crimes of rape and forcible sodomy as deserving of special and severe condemnation." Id.; see also Payne v. Ward, 21 F. App'x. 852, 854 (10th Cir. 2001) (finding that petitioner's cumulative sentence of 502 years for multiple rape convictions did not violate the Eighth Amendment where no individual sentence exceeded the statutory maximum.). Looking to the "special and severe condemnation" accorded to the crimes of rape and sodomy under Pinson, and to the fact that the circuit court imposed a sentence within the statutory guidelines, the petitioner cannot establish that his consecutive 50-year sentences were constitutionally excessive.

Accordingly, Ground 3 is without merit.

### VI. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner's entitlement to the appointment of counsel depends on several factors. These factors include the factual and legal complexity of the case, and the ability of the indigent litigant to investigate and present his claim. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006); Morris v. Dormire, 217 F.3d 558-59 (8th Cir. 2000).

After considering these factors and the record in this case, the court concludes that the petitioner has clearly articulated his claims and stated the facts in support of those claims. The court believes that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted. The motion to appoint counsel is denied.

## VII. MOTION FOR DEFAULT JUDGMENT

Petitioner requests that this Court enter default judgment against respondent on the grounds that respondent "did, in fact, fail to meet the time constraints set by this Court." (Doc. 7 at 1.) However, contrary to petitioner's assertion, respondent sought and received two extensions of time for filing a response. Thereafter, respondent filed his Response to the Order to Show Cause within the permissible time period established by the court. Accordingly, petitioner's motion for default judgment is without merit and is denied.

## VIII. CONCLUSION

For the reasons stated above,

The petition of Zane L. Twomey for a writ of habeas corpus is dismissed with prejudice.

The motion for default judgment (Doc. 7) and the motion for appointment of counsel (Doc. 8) are denied.

Finally, a certificate of appealability is denied. There has been no showing that petitioner has been deprived of a constitutional right. 28 U.S.C. § 2242(c).

An appropriate Judgment Order is issued herewith.

　　　　　　　　　　　　　　　　　　/S/   David D. Noce
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on May 15, 2009.